10-2397-ag
Xia v. Holder

BIA
A098 228 356

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of September, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
>    *Circuit Judges.*

_____

XIUFEN XIA,
>    *Petitioner,*

>    v.                                             10-2397-ag
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        David X. Feng, New York, New York

FOR RESPONDENT:        Tony West, Asst. Atty. General; Carl H. McIntyre, Jr., Asst. Director; Kate D. Balaban, Trial Atty., Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiufen Xia, a native and citizen of the People's Republic of China, seeks review of a May 18, 2010, order of the BIA denying her motion to reopen. *In re Xiufen Xia*, No. A098 228 356 (B.I.A. May 18, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is no dispute that Xia's October 2009 motion to reopen was untimely because her administrative order of removal became final in 2006. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although Xia contends that the time and number limitations do not apply to her motion to reopen as it is "based on changed circumstances arising in the country of nationality," 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), her arguments are unavailing.

Xia asserts that she demonstrated changed conditions because she joined the Party for Freedom and Democracy in China ("PFDC") after being ordered removed from the United States, and Chinese officials contacted her mother-in-law about her activities. However, as the BIA found, Xia's membership in the PFDC was a change in her personal circumstances, not a change in country conditions. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008). The record supports the BIA's determination that Xia has not established changed conditions "arising in" China, as the evidence of conditions in China showed only a continuation of repression of political dissidents. *See id.; Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Therefore, we find no abuse of discretion in the BIA's denial of Xia's motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii)*; Yuen Jin*, 538 F.3d at 155. Because Xia did not establish an exception to the filing deadline, we do not reach her argument that she established her *prima facie* eligibility for asylum.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED

in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk